IKUTA, Circuit Judge,
concurring:
Although I join the majority in full, were I not bound by United States v. Vongxay, 594 F.3d 1111 (9th Cir.2010), I would examine whether, notwithstanding the Supreme Court’s dicta in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 2816-17, 171 L.Ed.2d 637 (2008), the government has a substantial interest in limiting a non-violent felon’s constitutional right to bear arms. See United States v. Williams, 616 F.3d 685, 693 (7th Cir.2010) (“[W]e recognize that § 922(g)(1) may be subject to an overbreadth challenge at some point because of its disqualification of all felons, including those who are nonviolent.”); United States v. Skoien, 614 F.3d 638, 645 (7th Cir.2010) (en banc) (Sykes, J., dissenting); United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009) (Tymkovich, J., concurring). Indeed, other than felon disenfranchisement laws, which are grounded in § 2 of the Fourteenth Amendment, see Richardson v. Ramirez, 418 U.S. 24, 54, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974), I can think of no other constitutional disability that applies only to a “certain category of persons ... [who] may be excluded from ever exercising the right.” Skoien, 614 F.3d at 650 (Sykes, J., dissenting).